UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA HIDALGO GARCIA,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondent. | No.  1:26-cv-03152-DAD-AC (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION AS MOOT<br><br>(Doc. Nos. 1, 2) |

On April 24, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging her detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting her immediate release.  (Doc. No. 2.)  On April 27, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances of several prior cases that this court has decided.  (Doc. No. 6.)

On April 28, 2026, respondents filed an opposition to the motion for temporary restraining order.  (Doc. No. 9.)  In that opposition, respondents argue that petitioner was detained at a biometrics appointment (to provide fingerprints, photographs, and/or signatures) on March 26, 2026 pursuant to 8 U.S.C. § 1226(a) and subsequently provided her with a bond hearing.  (*Id.* at 2.)  At that bond hearing, the immigration judge concluded that petitioner posed a significant risk

1

of flight and a danger to the community based on a misdemeanor charge brought against her that had been dismissed pursuant to a deferred adjudication agreement.  (Doc. No. 9-1 at 9.)  Respondents note that petitioner had filed an application for adjustment of status on February 27, 2026, which was still pending prior to her detention.  (Doc. No. 9 at 2.)  Accordingly, respondents argue that this court's prior order in *Franco v. Meyer*, No. 1:25-cv-01620-DAD-CKD, 2025 WL 3280782 (E.D. Cal. Nov. 25, 2025) is distinguishable from this matter.  (*Id.* at 4–5.)  In that case, the court concluded that detention of the petitioner at his adjustment of status interview violated the INA by improperly using the adjustment of status process as a form of "gotcha" law enforcement.  *Franco*, 2025 WL 3280782, at *2.  Respondents argue that, in this case, petitioner was not arrested at an adjustment of status interview but instead at a fingerprinting appointment.  (*Id.* at 4.)  Respondents also argue that, unlike *Franco*, petitioner has received a bond hearing subsequent to her immigration detention.  (*Id.*)  Respondents state in their opposition that they do not oppose resolving the underlying petition for writ of habeas corpus on the current briefing before the court.  (*Id.* at 1.)

On April 29, 2026, the court ordered petitioner to file a reply brief addressing whether her March 26, 2026 biometrics appointment was held in connection with her application for adjustment of status.  (Doc. No. 10.)  On May 4, 2026, petitioner filed a reply brief representing that it was.  (Doc. No. 11.)  To support this contention, petitioner submitted a copy of her appointment notice, which states that an appointment was scheduled in connection with an I-485 application for adjustment of status and an I-765 application for employment authorization.  (*Id.* at 6.)  The court therefore rejects respondents' contention that attending a biometrics appointment distinguishes this case from the circumstances addressed in *Franco*:  Both appointments were in connection with adjustment of status applications and thus involved "using INA's adjustment-of-status procedure as a vehicle to lure applicants to federal facilities to conduct 'gotcha law enforcement [which] is not in accordance with the law." *Feitoza v. Noem*, No. 4:26-cv-40011-MRG, 2026 WL 252422, at *6 (D. Mass. Jan. 30, 2026).

Respondents also argue in conclusory fashion that the fact that petitioner was provided with a bond hearing following her detention distinguishes this action from *Franco*.  (Doc. No. 9 at

4.)  It is unclear how complying with the requirements of 8 U.S.C. § 1226(a) would cure a violation of 8 U.S.C. § 1255—the statute which creates the adjustment of status procedures.  *See You, Xiu Qing v. Nielsen*, 321 F. Supp. 3d 451, 466 (S.D.N.Y. 2018) (explaining that the use of § 1255 adjustment of status proceedings to detain non-citizens likely violates the INA).  Indeed, another judge of this district court has concluded that providing a bond hearing following an unlawful detention at an adjustment of status interview does not cure the initial statutory violation and that immediate release was the appropriate remedy.  *Ngugi v. Lyons*, No. 1:25-cv-01783-KES-EPG (HC), 2026 WL 807542, at *1–2 (E.D. Cal. Mar. 24, 2026), *report and recommendation adopted*, 2026 WL 946905 (E.D. Cal. Apr. 8, 2026); *see generally Zaitsev v. Warden*, No. 2:26-cv-00454-SPG-AS, 2026 WL 1047942, at *7 (C.D. Cal. Apr. 15, 2026) (finding that a post-detention hearing did not cure the underlying constitutional violation of detaining the petitioner without a pre-deprivation hearing as required by due process).  The court therefore also rejects respondents' argument that is based upon the post-detention bond hearing provided to petitioner.

Based upon a review of the briefing, the court finds the following facts.  Petitioner entered the United States on August 2, 2021 on a B2 visitor visa.  (Doc. No. 1 at ¶ 14.)  On February 27, 2026, petitioner filed an I-485 application for adjustment of status.  (Doc. No. 9-1 at 2.)  On March 7, 2026, respondents issued a notice to petitioner of a biometrics appointment scheduled for March 26, 2026 pertaining to that pending I-485 application.  (Doc. No. 11 at 6.)  On March 26, 2026, petitioner attended that biometrics appointment and was detained by immigration authorities at that appointment.  (Doc. No. 1 at ¶ 17.)

In light of the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Franco*.  Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons above,

1.      Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as
        follows:

/////

3

a.  Respondents are ORDERED to immediately release petitioner Lorena Hidalgo Giraldo, A-File No. 236-645-535, from respondents' custody on the conditions, if any, she was subject to prior to her re-detention on March 26, 2026;

b.  Respondents are ENJOINED AND RESTRAINED from using the adjustment of status process to re-detain petitioner, including at or near any future interview or appointment related to petitioner's application for adjustment of status;

2.  Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order granting her petition for habeas relief on the merits;

3.  The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

4.  The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 5, 2026**          _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE